§ IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG O. COPLEY,

    CASE NO. 2:14-CV-01903
 Petitioner,    JUDGE MICHAEL H. WATSON
    Magistrate Judge Elizabeth P. Deavers

 v.

DIRECTOR, APPALACHIAN
BEHAVIORAL HEALTHCARE,

 Respondent.

## REPORT AND RECOMMENDATION

 Petitioner Craig O. Copley brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

 On October 14, 2014, Petitioner filed the instant habeas corpus petition. He appears to be challenging the constitutionality of the September 29, 2014, commitment order of the Probate Division of the Athens County Court of Common Pleas, made after his arrest on two counts of menacing. Petitioner asserts that he was denied effective assistance of counsel in relation to the criminal charges that were filed against him because his attorney failed to defend him or investigate, and because his attorney requested a competency evaluation over Petitioner's objection. Petitioner asserts he was denied due process and is being held as a result of prosecutorial misconduct. He complains that the trial court failed to determine whether he had committed the offense(s) with which he was charged. He asserts that he was falsely arrested, and requests release on this basis.

In support of his § 2254 petition, Petitioner has attached, *inter alia,* a letter dated June 10, 2014 from Attorney Steven Stickles advising Petitioner he no longer represented Petitioner due to Petitioner's objection to the recommendation of a competency evaluation; copies of grievances Petitioner filed with Appalachian Behavioral Healthcare; a letter from the executive officer of Appalachian Behavioral Healthcare regarding Petitioner's grievance; and a copy of the *Judgment Entry* of the Steubenville Municipal Court on his competency restoration hearing; and a copy of the September 29, 2014, findings of the Probate Division of the Athens County Court of Common Pleas in regard to the commitment hearing.  ECF No. 1, PageID# 19-31.

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 provides relief for a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.  In order to obtain relief under Section 2254, a Petitioner must be "in custody" on the conviction under attack at the time he files his habeas corpus petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a)).

Here, Petitioner is not in custody on any criminal convictions.  Because both of the criminal charges against him have been dismissed, he cannot obtain relief through the filing of a federal habeas corpus petition.

If Petitioner seeks to challenge the involuntary commitment order of the Athens County Court of Common Pleas, that commitment is considered to be civil in nature, *State v. Williams*, 126 Ohio St.3d 65, 79 (Ohio 2010), and Petitioner must pursue the remedies available to him in the state courts.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge